**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-02724-CMA-MEH

THE INTELLIGENT OFFICE SYSTEM, LLC, a Colorado limited liability company,

    Plaintiff,

v.

VIRTUALINK CANADA, LTD., a Canadian corporation, and
BRIAN MONTEITH,

    Defendants.

---

**ORDER DENYING MOTION FOR LEAVE TO ALLOW TELEPHONIC TESTIMONY
OF MICHAEL JONES AT PRELIMINARY INJUNCTION HEARING**

---

Before the Court is Plaintiff Intelligent Office System, LLC's Motion for Leave to Allow Telephonic Testimony of Michael Jones, filed February 3, 2016.  (Doc. # 25.) Intelligent Office System, LLC (IO) requests that the Court permit Michael Jones to testify by telephone at the Court's Preliminary Injunction hearing, which will occur on February 11 and 12, 2016.  (*Id.*)  Defendants Virtualink Canada and Brian Monteith oppose the instant Motion.  (Doc. # 31.)

IO asserts that telephonic testimony of Mr. Jones should be permitted in the Court's upcoming hearing because IO's counsel "was not able to interview Mr. Jones until February 2, 2016," and "[t]his situation presents extraordinary circumstances in terms of the timeliness of this Motion, especially considering the short time frame, just over a month, between when the Hearing was scheduled and the date of the Hearing."

(Doc. # 25 at 2.)  It also states that "Michael Jones currently resides in Calgary, Canada, and is, therefore, beyond the subpoena power of this Court.  Moreover, as undersigned counsel anticipates that Mr. Jones' testimony will last less than an hour, the travel costs from Calgary would be exorbitant for such a brief examination."  (*Id.*)  Finally, IO provides the following description of Mr. Jones' anticipated testimony: "Mr. Jones will testify, among other things, that his franchises failed as a result of the defective cloud software implemented by Defendant Virtualink.  Mr. Jones will also testify that, in turn, Virtualink terminated his franchise rights and assumed his locations."  (*Id.*)

In opposing the instant Motion, Virtualink argues that IO's request is untimely, and the Court agrees.  Specifically, IO filed its Motion for a Preliminary Injunction on December 21, 2015; the Court began communicating with counsel to set a hearing almost immediately after this date; and the preliminary injunction hearing has been on the Court's (and **counsels**') calendars since January 4, 2016.  This Court's Practice Standards require any motion to appear by telephone to be filed "at least 21 days before trial or hearing." CMA Practice Standard 43.1(a)(1).  Although the Court recognizes there was a little more than a month between the hearing setting and the actual hearing, such that it might not have been possible for IO's counsel to comply with the letter of this practice standard, IO's waiting an entire month after the hearing had been set to file the instant Motion – and doing so barely a week before the preliminary injunction hearing – certainly does not comply with its spirit.

Additionally, the Court's practice standards also require that a movant provide a "detailed description of all testimony which is proposed to be presented remotely." CMA Practice Standard 43.1(a)(1)(B) (emphasis added). Although the instant Motion failed to do so, from what the Court can surmise, Mr. Jones' testimony would have, at best, tangential relevance to IO's Motion for Preliminary Injunction. The gravamen of the parties' dispute at this juncture is whether **IO** properly terminated the Master License Agreement (MLA) it signed with Virtualink. Virtualink indicates, however, that Mr. Jones "abandoned his sub-franchisee businesses well in advance of IO's purported termination of [the Master Lease Agreement between itself] and Virtualink," and the Court cannot see how Mr. Jones' testimony about his interactions with Virtualink (before IO's purported termination of the MLA) would aid the Court in determining whether IO acted properly. Indeed, IO did not provide an affidavit or declaration from Mr. Jones in support of its Motion for a Preliminary Injunction.

In sum, both because IO's request is untimely, and because Mr. Jones' testimony would have no relevance as to the specific issue to be addressed by the Court in the Preliminary Injunction hearing, the Court hereby DENIES the instant Motion (Doc. # 25). Accordingly, Mr. Jones will not be permitted to testify telephonically at that hearing.

DATE: February 9, 2016

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge