IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02724-CMA-MEH

INTELLIGENT OFFICE SYSTEM, LLC,

    Plaintiff,

v.

VIRTUALINK CANADA, LTD., and
BRIAN MONTEITH,

    Defendants.

## ORDER ON MOTION TO SUPPLEMENT

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion to Supplement Complaint [filed December 5, 2016; ECF No. 62]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1, the matter has been referred to this Court for disposition. The motion is fully briefed, and the Court finds oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court grants the Plaintiff's motion.

### BACKGROUND

Plaintiff, Intelligent Office System, LLC, initiated this lawsuit on December 16, 2015, alleging generally that Defendants breached a Master License Agreement, breached a guaranty, and infringed on Plaintiff's trademark. *See* ECF No. 1.[1] Defendants filed an answer to the Complaint and alleged counterclaims against Plaintiff for breach of contract and, alternatively, tortious interference with contract. ECF No. 18. On March 9, 2016, this Court issued a Scheduling Order

---

[1] Plaintiff also filed a motion for preliminary injunction, which was heard and denied by Judge Christine M. Arguello in February 2016. ECF Nos. 34, 36.

after which discovery in this case proceeded. *See* ECF No. 42. Meanwhile, on June 23, 2016, Plaintiff filed a "Motion for Summary Judgment as to Liability on all Claims and Counterclaims"; after briefing, Judge Arguello denied the motion. ECF Nos. 45, 59. Thereafter, this Court granted Plaintiff's request to extend the discovery cutoff to January 17, 2017, and Plaintiff filed the present motion.

Plaintiff argues this action "concerns the propriety of Intelligent Office terminating the master franchise rights of Virtualink Canada, LTD ('Defendant') to Canada." According to Plaintiff, the proposed Supplemental Complaint adds no new claims, but only new facts concerning the Defendant's failure to make payments since April 2016 under the governing franchise agreement. Plaintiff contends that such new facts "giv[e] Intelligent Office at least six other independent grounds to justify the termination of the Defendant's Canadian franchise rights."

Defendants respond that Plaintiff has not demonstrated good cause to supplement the Complaint after the deadline to amend pleadings set forth in the Scheduling Order;[2] the supplemented facts are unduly delayed and "have no legal significance"; and Defendants would be prejudiced because the supplemented facts "will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial."

Plaintiff counters that the good cause standard under Rule 16 does not apply to Rule 15(d); the request to supplement is not unduly delayed because Defendants have been on notice since April 2016 of the defaults and Plaintiff first discerned in May 2016 such defaults were factors in the

---

[2]Defendants properly assert that Plaintiff failed to comply with D.C. Colo. LCivR 15.1 in failing to attach a copy of the proposed pleading containing "strike-throughs and underlines" to delineate the proposed supplemental information. However, considering the Local Rule 15.1 copy of the supplemental pleading Plaintiff attached to its reply brief, it appears that Defendants correctly identified those sections and paragraphs of the pleading Plaintiff intended to supplement. Accordingly, the Court does not find it necessary to strike or deny the motion without prejudice for Plaintiffs' failure to comply with Local Rule 15.1.

decision to terminate the agreement; and the Defendants are not unduly prejudiced by the supplements because no discovery is necessary, but, even if it were, Plaintiff would not object to responding to extending the deadline to allow discovery on the new facts.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that "on motion and reasonable notice," the district court has discretion to permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Trial courts are given 'broad discretion' when deciding whether to permit a party to serve a supplemental pleading." *Browne v. City of Grand Junction*, 136 F. Supp. 3d 1276, 1298 (D. Colo. 2015) (citing *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). "However, a party's request for leave to file a supplemental complaint 'should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants.'" *Id.*; *see also Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186 (10th Cir. 2015).

Based on the proposition that a "court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)," Defendants argue that Rule 16's good cause standard should be applied to a motion to supplement. For substantially the same reasons as those articulated by Magistrate Judge Kathleen M. Tafoya in *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2011 WL 7627422 (D. Colo. Sept. 19, 2011), the Court disagrees. *Id.* at *9 ("the circumstances where a party might supplement its pleadings are unique from the circumstances where a party might amend its pleadings"). Thus, the Court finds unpersuasive Defendants' argument that the motion should be denied because it was filed well after the deadline for filing amended pleadings set forth in the Scheduling Order. *See Predator Int'l*, 793 F.3d at 1192 (rejecting a basis for finding delay between the deadline for amending

pleadings and the filing of a motion to supplement because the deadline referred specifically to "amendments").

As for whether the supplemental pleading is unduly delayed, the Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)). However, again, this standard was applied by the Tenth Circuit to a Rule 15(a) motion. *Id.* at 1204-05. With respect to a Rule 15(d) motion, the Tenth Circuit has noted that a district court has discretion to determine whether it is in the interest of judicial economy and efficiency to allow the supplement(s) in the current suit, or deny the motion and "force" the moving party to file a separate action and move to consolidate the two actions. *Predator Int'l*, 793 F.3d at 1193. In fact, Plaintiff alludes to this finding when it argues "it will be forced to file another lawsuit to address Virtualink's ongoing and continuous monetary defaults of the Agreement." Reply 4. The Court is not entirely convinced; Plaintiff repeatedly argues that it "seeks to add the factual allegations ... as an alternative basis for terminating Virtualink" and not for the purpose of adding a new claim. Accordingly, Plaintiff's contention that it would be "forced" to file another lawsuit—in which it must allege a claim "to address the ongoing and continuous monetary defaults"—rings hollow.

Here, the Court finds there has been a "delay" in moving to supplement the Complaint, from April 22, 2016[3] to December 5, 2016, and therefore it must determine whether the delay was "undue." *Minter*, 451 F.3d at 1206 (the important inquiry is not simply whether a party has delayed, but whether such delay is undue). The pertinent question, then, is whether Plaintiff has articulated

---

[3] An April 22, 2016 letter attached to Defendants' response brief, addressed from the Plaintiff to Defendants, states as one of its purposes: "in the event that Virtualink does not cure the many defaults, both new and old, the Court or Jury will have an additional basis to declare that the master franchise rights of Virtualink are terminated ..." ECF No. 65-2.

an adequate explanation for the delay.  Plaintiff does not specify a "reason" for the delay, but the Court can infer from its reply brief that Plaintiff contends Defendants' failures to make *timely* payments under the governing agreement occurred as set forth in the April 22, 2016 letter, then Defendants failed *altogether* to make payments starting in August 2016 and continuing to the present.  In the monthly letters Plaintiff sent in May and June 2016, it noted the letters were sent "in the hope that Virtualink will finally honor the post termination obligations under the Master Agreement" including those concerning franchise rights.  *See* Letters, ECF Nos. 65-3 and 65-4.

The Court notes that during the litigation of this case, Plaintiff filed a motion for summary judgment on all claims, including those in the operative Complaint, on June 23, 2016; an order denying the motion was issued October 26, 2016.  In addition, at the parties' request on July 8, 2016, it held a settlement conference in this case on September 9, 2016 (ECF No. 57) and on September 30, 2016, with the consent of the parties, extended the discovery deadlines by nearly 60 days "to facilitate settlement negotiations in this case."  Order, ECF No.58.

Under these circumstances, the Court finds that Plaintiff's delay in filing the motion to supplement is not undue.  Certainly, it is reasonable that Plaintiff would not immediately seek to supplement its Complaint and, instead,  wait to determine whether Defendants would comply with the franchise agreement.  It is also reasonable that Plaintiff would not seek to supplement its Complaint during the time its motion for summary judgment was under consideration.[4]  In addition, it was anticipated that the parties would be continuing to negotiate settlement in September, October, and even November 2016.  Thus, the Court finds there were adequate explanations for the delay by Plaintiff in filing the motion to supplement.

Regarding whether Defendants will be unduly prejudiced by the supplementation of the

---

[4]Under Fed. R. Civ. P. 56(b), "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

5

pleading, courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at at 1207 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). In this case, no trial date has been set and the Court agrees that any discovery necessary for the additional facts will be minimal. To ensure no prejudice inures to the Defendants, the Court will entertain a motion to extend the discovery deadlines for the limited purpose of seeking discovery concerning the supplemental information.

Finally, with respect to Defendants' assertion of "futility," the Court finds that Defendants' argument is more properly raised and adjudicated in a dispositive motion, rather than indirectly through opposition of a Rule 15(d) motion. *See Fluker v. Fed. Bureau of Prisons*, No. 07-2426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished). Considering the stage of the litigation and that the denial of a motion to supplement is a dispositive issue that may be only *recommended* by this Court, proceeding with a dispositive motion may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendants will be better served by raising their "lacking legal significance" argument in a dispositive motion before Judge Arguello. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-1145-DME, 2008 WL 2520423, *4 (D. Colo. June 20, 2008) (unpublished).

## CONCLUSION

The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Court finds that Plaintiff's proposed supplemental pleading is not unduly delayed nor unduly prejudicial to Defendants. Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's Motion to Supplement Complaint [filed December 5, 2016; ECF No. 62]. The Clerk of the Court is directed to file the Supplemental Complaint found at ECF No. 62-1. Defendants shall respond to the

Supplemental Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado this 26th day of January, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge